GREENBERG TRAURIG, LLP
J. Rick Taché (CA Bar No. 195100)
    (tacher@gtlaw.com)
Shaun A. Hoting (CA Bar No. 260656)
    (hotings@gtlaw.com)
Jenny S. Kim (CA Bar No. 282562)
    (kimje@gtlaw.com)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile:  (949) 732-6501

Attorneys for Plaintiff
Surf Waves Ltd

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF WAVES LTD, a company incorporated in the United Kingdom,<br><br>        Plaintiff,<br><br>vs.<br><br>PACIFIC SURF DESIGNS,INC., a Delaware corporation; RICHARD ALLESHOUSE, an individual; YONG YEH, an individual; and DOES 1-10,<br><br>        Defendants. | CASE NO. __'14CV1108 BEN JMA__<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) Patent Infringement of U.S. Patent No. 8,088,016<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Surf Waves Ltd ("Surf Waves" or "Plaintiff") complains and alleges as follows against Defendants Pacific Surf Designs ("PSD"), Richard Alleshouse ("Alleshouse"), Yong Yeh ("Yeh"), and Does 1-10 (collectively, "Defendants"):

## NATURE OF ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Plaintiff seeks damages, attorneys' fees, costs, pre-judgment and post-judgment interest, and preliminary and permanent injunctive relief.

## JURISDICTION

2.     This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1338(a).

3.     This Court has personal jurisdiction over Defendant PSD based upon the following: (a) PSD's principal place of business is in this District; (b) PSD transacts business in and maintains continuous and systematic contacts with this District and the State of California; and (c) PSD has committed acts of patent infringement complained of herein and/or contributed to or induced those acts of patent infringement by others in this District and elsewhere in California and the United States.

4.     This Court has personal jurisdiction over Defendant Alleshouse based on the following:  (a) Defendant Alleshouse is present, doing business, and/or residing in this District; and (b) Defendant Alleshouse has committed tortious acts that he knew or should have known would cause injury to Plaintiff in the State of California.

5.     This Court has personal jurisdiction over Defendant Yeh based on the following:  (a) Yeh is present, doing business, and/or residing in this District; and (b) Yeh has committed tortious acts that he knew or should have known would cause injury to Plaintiff in the State of California.

6.     This Court has personal jurisdiction over Defendants Does 1-10 based on the following:  (a) on information and belief Defendants Does 1-10 are present and/or doing business in this District; and (b) Defendants Does 1-10 have committed tortious acts that

they knew or should have known would cause injury to Plaintiff in the State of California.

7.    Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. §§ 1391(b), 1400(b).

## PARTIES

8.    Plaintiff Surf Waves Ltd is a company incorporated and registered in the United Kingdom with company number SC422732, whose registered office is at 16 Gordon Street, Glasgow, Scotland G1 3PT.

9.    Plaintiff is informed and believes that Defendant PSD is a Delaware corporation with a principal place of business at 3266 Via Bartolo, San Diego, California 92111.

10.    Plaintiff is informed and believes that Defendant Alleshouse is the Chief Operating Officer of PSD and resides in the State of California.

11.    Plaintiff is informed and believes that Defendant Yeh is the Chief Executive Officer of PSD and resides in the State of California.

12.    Defendant Does 1-10 are parties whose identities are not yet known to the Plaintiff.  To the extent their identities become known to the Plaintiff, the Doe defendants will be named and their activities pleaded in an amended complaint.

## FACTUAL ALLEGATIONS
### BACKGROUND OF ASSERTED PATENT

13.    Plaintiff is the owner of United States Patent No. 8,088,016 (the "'016 Patent" or "Asserted Patent"), entitled "Half-Pipe Water Ride" and issued January 3, 2012 Exhibit 1.

14.    Although the invention set forth in the Asserted Patent is best described by its claims, the patent is generally directed to a half-pipe water ride for use by a rider.

15.    On April 26, 2012, Plaintiff acquired ownership via an assignment of all rights in the Asserted Patent from the inventor, Douglas Murphy.

16.    Accordingly, Plaintiff has standing to sue for infringement of the Asserted

3

Patent.

17.     Plaintiff developed a product, the "Stingray" ("Plaintiff's Product"), incorporating and practicing the invention disclosed in the Asserted Patent.

18.     Product sales sheets and photographs of Plaintiff's Stingray product are attached hereto as Exhibit 2.

## DEFENDANTS' INFRINGING ACTIVITIES

19.     Defendant PSD's publicly-available website (http://pacificsurfdesigns.com/) contains renderings of each of Defendant PSD's products. Plaintiff is informed and believes that Defendants make, have made, import, use, offer for sale and/or sell products that infringe one or more claims of the Asserted Patent, including, but not limited to, "The Off-the-Wall" and "The Supertube" (collectively, the "Accused Products").

20.     The webpage for PSD's product "The Off-the-Wall" (http://pacificsurfdesigns.com/waves/offthewall/) is attached hereto as Exhibit 3.

21.     The webpage for PSD's product "The Supertube" (http://pacificsurfdesigns.com/waves/the-supertube/) is attached hereto as Exhibit 4.

22.     Plaintiff is informed and believes that Defendants have and continue to infringe, contributorily infringe, and/or induce infringement of the Asserted Patent by knowingly and actively (1) making, having made, importing, using, offering for sale and/or selling products that infringe one or more claims of the Asserted Patent, including, but not limited to the Accused Products, (2) inducing others to do the same, and (3) contributing to the manufacture, import, use, sale, or offer for sale of products that infringe one or more claims of the Asserted Patent.

23.     The Accused Products infringe at least one or more claims of the Asserted Patent.

## FIRST CLAIM FOR RELIEF

(Infringement of the '016 Patent: Against All Defendants)

24.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

25.     Plaintiff is the owner of the '016 Patent.  Plaintiff therefore has standing to sue for infringement of the '016 Patent.

26.     Upon information and belief, Defendants have infringed and continue to infringe the '016 Patent by knowingly and actively making, having made, importing, using, offering to sell, or selling products that infringe one or more claims of the '016 Patent, including, but not limited to, the Accused Products or components thereof that incorporate, without license, the inventions developed by Plaintiff and protected by one or more claims in the '016 Patent, or by knowingly and actively inducing or contributing to the infringement of the '016 Patent by others.

27.     Plaintiff has complied with 35 U.S.C. § 287.

28.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court grant the following relief:

A.     For judgment that Defendants have infringed the Asserted Patent;

B.     For judgment that Defendants willfully infringed the Asserted Patent;

C.     An award of damages adequate to compensate Plaintiff for patent infringement, as well as prejudgment interest from the date the infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 285;

D.     A finding that, to the extent the Defendants knew of their infringing activities, the Defendants' infringement was willful;

E.     An award of treble damages for the period of any willful infringement pursuant to 35 U.S.C. § 284;

F.     A finding that this case is exceptional and an award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action as provided by 35 U.S.C. § 285; and

G.     A preliminary and permanent injunction prohibiting the Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from engaging in further infringement and/or acts of infringement and inducement of the Asserted Patents;

H.     For such other and further relief as this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

DATED: May 1, 2014                    GREENBERG TRAURIG, LLP


By /s/ J. Rick Taché
                                       J. Rick Taché (CA Bar No. 195100)
                                       Shaun A. Hoting (CA Bar No. 260656)
                                       Jenny S. Kim (CA Bar No. 282562)

                                       Attorneys for Plaintiff,
                                       Surf Waves Ltd

*OC 287242281v5*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF